IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| YOLANDA WEDDINGTON, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. 18-CV-1380-NJR-DGW |
| EQUIFAX CREDIT INFORMATION SERVICES, INC., | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court are various filings by *pro se* Plaintiff Yolanda Weddington ("Weddington") (Docs. 11-16, 17-22) and a motion to lift stay and consent to remand (Doc. 23) filed by Defendant Equifax Information Services LLC, incorrectly named as Equifax Credit Information Services, Inc. ("Equifax"). For the following reasons, the Court remands this action to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, Small Claims Court Division.

### PROCEDURAL HISTORY

Weddington originally filed her complaint in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, Small Claims Court Division. Weddington's complaint asserted one count for negligence under Illinois law. On June 18, 2018, Equifax received a package from Weddington including a yet-to-be-filed amended complaint asserting claims under the Fair Credit Reporting Act ("FCRA"). On July 11, 2018, Equifax removed the action to this Court pursuant to 28 U.S.C. § 1441(a), asserting that the Court has federal question jurisdiction over the FCRA claim.

On July 17, 2018, Equifax filed a motion to stay pending MDL transfer (Doc. 9), advising

the Court that a Conditional Transfer Order was entered in this case as to MDL No. 2800, *In Re: Equifax, Inc., Customer Data Security Breach Litigation*. In light of this, the Court stayed this case pending final MDL transfer or further Order of the Court (Doc. 10).

Since that time, Weddington filed various documents *pro se*. In some of the later- filed documents, Weddington states that she has "requested an amendment to [her] not-yet-filed and not yet approved amended complaint to remove the asserting claims under the Federal Fair Credit Reporting Act ("FCRA") because this was added in error and this complaint is not tenable." (Doc. 18, p. 2-3; Doc. 21, p. 2-3; Doc. 22, p. 2-3). She also expresses her intent for remand (Doc. 20, p. 1-2). On August 27, 2018, Equifax filed a motion to lift stay and consent to remand (Doc. 23). In the motion, Equifax indicates that Weddington has moved to vacate the Judicial Panel on Multidistrict Litigation's ("JPML") conditional transfer order, and Equifax has notified the JPML that it does not oppose Weddington's motion (Doc. 23, p. 2). In light of Weddington's clear disclaimer of the FCRA claim, Equifax asks the Court to relinquish its jurisdiction over the remaining state-law claim and remand the action to state court.

## ANALYSIS

As stated above, Weddington explains that the FCRA claim was asserted in error. Although Weddington served Equifax with a copy of an amended complaint that asserted an FCRA claim, it appears based on her filings that she never did file this amended complaint in state court.

Equifax removed this case on the ground that Section 1446(b)(3) provides that a notice of removal may be filed within 30 days after receipt by the defendant through service or otherwise of any "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). But federal claims must actually exist in the case for the case to be removable based upon federal question jurisdiction. Because it appears that Weddington's amended complaint was never filed in state court, the federal claim was never

actually added to this lawsuit. While the Court recognizes that Weddington's *pro se* filings have garnered a bit of confusion, it remains that a defendant cannot properly remove a case containing no claims over which a court has subject-matter jurisdiction. *See Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998) ("Until the state judge granted the motion to amend, there was no basis for removal. Until then, the complaint did not state a federal claim. It might never state a claim, since the state judge might deny the motion."). It is apparent that the Court lacks federal question jurisdiction over this case.[1]

## CONCLUSION

For the reasons set forth above, the Court **LIFTS** the stay in this case, **GRANTS** Weddington's request for remand (Docs. 18-22), and **GRANTS in part and DENIES in part** Equifax's motion to lift stay and consent to remand (Doc. 23). Equifax's motion is granted to the extent that it seeks a lift of the stay and remand, but denied as to the basis for remand. The Court **REMANDS** this case to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, Small Claims Court Division, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

**DATED:** August 31, 2018

  *[signature: Nancy J. Rosenstengel]*

  **NANCY J. ROSENSTENGEL**
  **United States District Judge**

---

[1] No basis for diversity jurisdiction has been alleged.